**Affirmed and Opinion filed November 29, 2012.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-11-00833-CR

---

**BRUCE ALAN MCMILLIAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 268th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 11-DCR-056975**

---

## OPINION

Appellant Bruce Alan McMillian was indicted on charges of (1) sexual assault, (2) indecency with a child, and (3) continuous sexual abuse of a child under the age of 14. The trial court denied appellant's motion to quash his indictment for continuous sexual abuse of a child under the age of 14; appellant subsequently pleaded guilty to that count and two counts of sexual assault. He contends on appeal that the trial court erred in denying his motion to quash, which challenged the constitutionality of the statute

criminalizing continuous sexual abuse of a child under the age of 14.  *See* Tex. Penal Code Ann. § 21.02 (Vernon Supp. 2012).  We affirm.

## BACKGROUND

Appellant was indicted on five separate felony counts.  He filed a pre-trial motion to quash the indictment for continuous sexual abuse of a child under the age of 14 on grounds that section 21.02 is unconstitutional because it (1) violates the jury unanimity requirement, *see* Tex. Const. art. V, § 13; and (2) is void for vagueness.  *See* U.S. Const. amend. XIV, §1; Tex. Const. art. I, § 19.  The trial court denied appellant's motion to quash after a hearing.  Appellant then pleaded guilty to two counts of sexual assault and one count of continuous sexual abuse of a child under the age of 14, and the State dismissed the two remaining causes in accordance with a plea agreement.  Appellant's convictions for sexual assault of a child are not challenged in this appeal.

In two issues, appellant argues on appeal that his motion to quash the indictment should have been granted because section 21.02 of the Texas Penal Code is unconstitutional.

## ANALYSIS

Under section 21.02, a person commits an offense if:

(1) during a period that is 30 or more days in duration, the person commits two or more acts of sexual abuse, regardless of whether the acts are committed against one or more victims; and

(2) at the time of the commission of each of the acts of sexual abuse, the actor is 17 years of age or older and the victim is a child younger than 14 years of age.

Tex. Penal Code Ann. § 21.02(b).  The statute defines "act of sexual abuse" as:

(1) aggravated kidnapping under Section 20.04(a)(4), if the actor committed the offense with the intent to violate or abuse the victim sexually;

(2) indecency with a child under Section 21.11(a)(1), if the actor committed the offense in a manner other than by touching, including touching through clothing, the breast of a child;

2

(3) sexual assault under Section 22.011;

(4) aggravated sexual assault under Section 22.021;

(5) burglary under Section 30.02, if the offense is punishable under Subsection (d) of that section and the actor committed the offense with the intent to commit an offense listed in Subdivisions (1)-(4);

(6) sexual performance by a child under Section 43.25;

(7) trafficking of persons under Section 20A.02(a)(7) or (8); and

(8) compelling prostitution under Section 43.05(a)(2).

*Id.* § 21.02(c). The legislature explicitly provided that:

> If a jury is the trier of fact, members of the jury are not required to agree unanimously on which specific acts of sexual abuse were committed by the defendant or the exact date when those acts were committed. The jury must agree unanimously that the defendant, during a period that is 30 or more days in duration, committed two or more acts of sexual abuse.

*Id.* § 21.02(d).

The sufficiency of an indictment and the constitutionality of a statute are questions of law we review *de novo*. *Lawrence v. State*, 240 S.W.3d 912, 915 (Tex. Crim. App. 2007); *Wall v. State*, 184 S.W.3d 730, 742 (Tex. Crim. App. 2006). In reviewing a statute's constitutionality, we begin with the presumption that the statute is valid and that the legislature did not act arbitrarily and unreasonably in enacting it. *Rodriguez v. State*, 93 S.W.3d 60, 69 (Tex. Crim. App. 2002); *Kfouri v. State*, 312 S.W.3d 89, 91 (Tex. App.—Houston [14th Dist.] 2010, no pet.). If a statute can be construed in two different ways, one of which sustains its validity, we apply the interpretation that sustains its validity. *State v. Carmaco*, 203 S.W.3d 596, 599 (Tex. App.—Houston [14th Dist.] 2006, no pet.). The burden rests upon the person who challenges a statute to establish its unconstitutionality. *Id.* We must uphold a statute if we can determine a reasonable construction which will render it constitutional. *Ely v. State,* 582 S.W.2d 416, 419 (Tex. Crim. App. [Panel Op.] 1979); *Kfouri*, 312 S.W.3d at 92.

3

## I.     Unanimity

In his first issue, appellant argues that the trial court should have granted his motion to quash because section 21.02 violates the Texas Constitution's requirement that all jury verdicts in felony cases be unanimous.[1]  *See* Tex. Const. art. V, § 13; *Ngo v. State*, 175 S.W.3d 738, 745 (Tex. Crim. App. 2005).

To uphold a jury conviction, the Texas Constitution requires each juror to agree that the defendant committed the same specific criminal act.  *Ngo*, 175 S.W.3d at 745. There is, however, a crucial distinction between a fact that is a specific element of the crime and one that is but the means to the commission of a specific element.  *Id.* at 747. The jurors must unanimously agree on all elements of a crime in order to convict, but the jurors need not agree on all underlying facts that make up a particular element.  *Id.*  When alternative manners and means of committing an offense are submitted to a jury, it is appropriate for the jury to return a general verdict of guilty if the evidence supports a conviction under any one of them.  *Kitchens v. State*, 823 S.W.2d 256, 258 (Tex. Crim. App. 1991); *Jacobsen v. State*, 325 S.W.3d 733, 736 (Tex. App.—Austin 2010, no pet.).

There are two components to analysis of a jury unanimity challenge.  The first is statutory construction, and the second is due process.  *Jefferson v. State*, 189 S.W.3d 305, 311-312 (Tex. Crim. App. 2006) (citing *State v. Johnson*, 243 N.W.2d 455, 459-60 (Wis. 2001)); *Jacobsen*, 325 S.W.3d at 736.

We begin review of a jury unanimity challenge by examining the language of the statute to determine the elements of the crime and whether the legislature has created a single offense with multiple alternate methods of commission.  *Yost v. State*, 222 S.W.3d 865, 877 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd).  Statutory construction is a question of law.  *Harris v. State*, 359 S.W.3d 625, 629 (Tex. Crim. App. 2011).  In construing a statute, we look first to the statute's literal text, and we read words and

---

[1] Appellant also claims that section 21.02 violates the jury unanimity requirement of article 36.29 of the Texas Code of Criminal Procedure.  However, he failed to raise this argument in the trial court; we do not address it on appeal.  *See* Tex. R. App. P. 33.1(a).

phrases in context and construe them according to rules of grammar and usage. *Id.* We must presume that every word in a statute has been used for a purpose and that each word, phrase, clause, and sentence should be given effect if reasonably possible. *Id.* Where the statute is clear and unambiguous, the legislature must be understood to mean what it has expressed, and it is not for the courts to add or subtract from such a statute. *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991); *Uyamadu v. State*, 359 S.W.3d 753, 758 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd).

We believe the plain language of section 21.02(d) leaves no doubt as to the legislature's intent:

> If a jury is the trier of fact, members of the jury are not required to agree unanimously on which specific acts of sexual abuse were committed by the defendant or the exact date when those acts were committed. The jury must agree unanimously that the defendant, during a period that is 30 or more days in duration, committed two or more acts of sexual abuse.

Tex. Penal Code § 21.02(d). The commission of two or more acts of sexual abuse over a specified time period — that is, the pattern of behavior or the series of acts — is the element as to which the jurors must be unanimous in order to convict. Therefore, section 21.02(d) does not allow jurors to convict on the basis of different elements when it provides that "members of the jury are not required to agree unanimously on which specific acts of sexual abuse were committed by the defendant or the exact date when those acts were committed." *See Casey v. State*, 349 S.W.3d 825, 829 (Tex. App.—El Paso 2011, pet. ref'd); *Jacobsen*, 325 S.W.3d at 737; *Reckart v. State*, 323 S.W.3d 588, 601 (Tex. App.—Corpus Christi 2010, pet. ref'd); *Render v. State*, 316 S.W.3d 846, 858 (Tex. App.—Dallas 2010, pet. ref'd); *Lewis v. State*, No. 02-10-00004-CR, 2011 WL 2755469, at *6 (Tex. App.—Fort Worth July 14, 2011, pet. ref'd) (mem. op., not designated for publication); *Coker v. State*, No. 12-09-00331-CR, 2010 WL 5031098, at *6 (Tex. App.—Tyler Dec. 8, 2010, no pet.) (mem. op., not designated for publication).

Appellant urges us to ignore these cases as wrongly decided. For support, he relies on the legislative intent behind section 21.02 as well as cases that are distinguishable on their facts. *See Richardson v. United States*, 526 U.S. 813 (1999) (considering a federal statute with a substantially broader scope and no explicit provision for jury unanimity); *State v. Weaver*, 982 S.W.2d 892 (Tex. Crim. App. 1998) (considering section 31.09 of the Texas Penal Code, which has no explicit provision for jury unanimity). Because we conclude that the language of section 21.02 is clear and unambiguous, we do not consider these extra-textual factors. *See Boykin*, 818 S.W.2d at 785; *Uyamadu*, 359 S.W.3d at 758.

Accordingly, we move to the second part of our jury unanimity analysis, and the question becomes whether it is consistent with due process for the legislature to treat the specific acts of sexual abuse as manner and means of committing a series of sexual abuses. *Jacobsen*, 325 S.W.3d at 737; *see Coker*, 2010 WL 5031098, at *6. Consistent with the guarantee of due process, the legislature may define a criminal offense in a way that permits jurors to convict while disagreeing about the manner and means of commission of the offense, provided the alternate manners and means of commission are basically morally and conceptually equivalent. *Schad v. Arizona*, 501 U.S. 624, 644 (1991); *White v. State*, 208 S.W.3d 467, 469 (Tex. Crim. App. 2006); *Casey*, 349 S.W.3d at 829. The alternate acts of sexual abuse listed under section 21.02(b) all are felonies involving the actual or intended sexual abuse of a young child. We believe the alternate acts are morally equivalent and conceptually similar, and we conclude that the legislature has not violated due process by treating these alternate acts as manner and means under section 21.02. *See Casey*, 349 S.W.3d at 829-30; *Jacobsen*, 325 S.W.3d at 737; *Reckart*, 323 S.W.3d at 600-01; *Render*, 316 S.W.3d at 858.

We conclude that section 21.02 complies with the constitutional requirement of jury unanimity, and we overrule appellant's first issue.

## II.    Vagueness

In his second issue, appellant complains that the trial court should have granted his motion to quash because section 21.02 is unconstitutionally vague.  Again, we review this complaint under a *de novo* standard.  *Lawrence*, 240 S.W.3d at 915; *Kfouri*, 312 S.W.3d at 91.

A statute is void for vagueness if it (1) fails to give a person of ordinary intelligence fair notice of the conduct prohibited, or (2) is so indefinite that it encourages arbitrary and discriminatory enforcement.  *Kolender v. Lawson*, 461 U.S. 352, 357 (1983); *Clark v. State*, 665 S.W.2d 476, 482 (Tex. Crim. App. 1984) (en banc).  All penal laws must provide fair notice to a person of ordinary intelligence before making an activity criminal.  *Kfouri*, 312 S.W.3d at 92.  A criminal statute need not be mathematically precise; it need only give fair warning in light of common understanding and practices.  *Id.*  A statute is unconstitutionally vague only when no core of prohibited activity is defined.  *Id.*  A statute also must be sufficiently definite to avoid the possibility of arbitrary and erratic arrests and convictions.  *Id.*

In determining whether a statute is unconstitutionally vague, we interpret the statute in accordance with the plain meaning of its language unless the language is ambiguous or the plain meaning leads to an absurd result.  *Sanchez v. State*, 995 S.W.2d 677, 683 (Tex. Crim. App. 1999); *Kfouri*, 312 S.W.3d at 92.  "Words and phrases shall be read in context and construed according to rules of grammar and usage."  Tex. Gov't Code Ann. § 311.011(a) (Vernon 2005); *see* Texas Penal Code Ann. § 1.05(b) (Vernon 2010) (making section 311.011 applicable to the Texas Penal Code).

When a vagueness challenge involves First Amendment concerns, the statute may be held facially invalid even though it may not be unconstitutional as applied to the defendant's conduct.  *Long v. State,* 931 S.W.2d 285, 288 (Tex. Crim. App. 1996) (en banc); *Kfouri*, 312 S.W.3d at 92.  But when — as here — no First Amendment rights are involved, we need only examine the statute as applied to the defendant's specific

conduct. *Bynum v. State*, 767 S.W.2d 769, 779 (Tex. Crim. App. 1989) (en banc); *Kfouri*, 312 S.W.3d at 92. Because appellant does not raise First Amendment concerns, he bears the burden of establishing that section 21.02 is unconstitutional as applied to this case. *See Bynum*, 767 S.W.2d at 774; *Kfouri*, 312 S.W.3d at 92. It is not enough for appellant to contend that section 21.02 might be unconstitutional as applied to others. *See Bynum*, 767 S.W.2d at 774; *Kfouri*, 312 S.W.3d at 92.

Appellant argues that section 21.02 is unconstitutionally vague because the statute (1) enhances the punishment for *every* multiple offender no matter how much time has passed between the first and last offense; and (2) grants prosecutors unfettered discretion in their charging decisions.

Appellant first argues that section 21.02 is unclear because it could apply to those whose continuous sexual abuse of a child under the age of 14 ended well short of the statutory 30-day period: "Stretched to its most absurd, this statute allows a prosecutor to charge and convict an offender who commits two sexual assaults *on the same* day because those two events occurred 'during a period of 30 days or more in duration.'" The indictment specifically alleges that appellant committed two or more acts of sexual abuse against a child under the age of 14 between the dates of October 1, 2007 and November 21, 2008. Section 21.02 clearly prohibits an individual from continuously sexually abusing a child under the age of 14 for a period of more than 30 days.[2] Whether section 21.02 also prohibits multiple acts of sexual abuse committed over a shorter period has no bearing on the validity of the indictment at issue here. *See Bynum*, 767 S.W.2d at 774; *Kfouri*, 312 S.W.3d at 93.

Appellant next argues that section 21.02 does not establish a standard for prosecutors to employ when determining whether to charge an offender under section 21.02 or to charge the offender with separate acts of sexual abuse of a young child. We

---

[2] Appellant concedes this in his brief: "For example, an offender who commits an offense on day 1 and then again on day 30—the offender the Legislature was intending to punish more severely—clearly falls within the statute."

disagree.   Section 21.02 prohibits a pattern of abuse unaddressed by the statutes prohibiting the individual acts of sexual abuse of a child.  *See Casey*, 349 S.W.3d at 829; *Jacobsen*, 325 S.W.3d at 737; *Reckart*, 323 S.W.3d at 601; *Render*, 316 S.W.3d at 858; *Lewis*, 2011 WL 2755469 at *6; *Coker v. State*, 2010 WL 5031098 at *6.  Section 21.02 adequately details the prohibited conduct to the extent that enforcement of the statute is not relegated to the subjective interpretation of law enforcement personnel.  The language of section 21.02 provides sufficient guidance to law enforcement personnel that it is not so indefinite that it encourages arbitrary and discriminatory enforcement.  *See Bynum*, 767 S.W.2d at 775; *Kfouri*, 312 S.W.3d at 94.

We conclude that section 21.02 is not unconstitutionally vague as applied to appellant in this case, and we overrule his second issue.

## CONCLUSION

We affirm the trial court's judgment.


/s/      William J. Boyce
Justice


Panel consists of Justices Boyce and McCally and Senior Justice Mirabal.[3]

Publish — Tex. R. App. P. 47.2(b).

---

[3] Senior Justice Margaret Garner Mirabal sitting by assignment.