

NUMBER 13-16-00552-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JAMES EARL LOVE,                                                      Appellant,

v.

THE STATE OF TEXAS,                                                  Appellee.

On appeal from the 19th District Court
of McLennan County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Contreras and Benavides**
**Memorandum Opinion by Justice Contreras**

Appellant James Earl Love was convicted of continuous sexual abuse of a young

child, a first-degree felony, and he was sentenced to life imprisonment. *See* TEX. PENAL

CODE ANN. § 21.02 (West, Westlaw through 2017 1st C.S.). On appeal, Love contends

that (1) the statute under which he was convicted is unconstitutional, and (2) the trial court

erred by admitting certain outcry testimony at trial. We affirm as modified.[1]

## I. BACKGROUND

A McLennan County grand jury returned an indictment alleging that Love, during a period that was thirty days or more in duration—specifically, from on or about January 1, 2010 to September 1, 2013—committed two or more acts of sexual abuse against Z.L., Love's grandson, who was then under the age of fourteen. *See id.*

Prior to trial, Love filed a "Motion to Declare Continuous Sexual Abuse of a Child Statute Unconstitutional For Lack of Jury Unanimity Requirement," which the trial court denied after a short hearing.

Z.L. testified at trial that, when he played video games at Love's house in Lacy Lakeview, Love would sometimes place Z.L. on his lap when no one else was in the room. Z.L. testified that, on more than one occasion, Love would remove his clothes and Z.L.'s pants and "rape" Z.L. by putting his "middle part" in Z.L.'s "bottom." Z.L. testified that "[i]t hurt the first couple of times" and he thought "I guess that's what grandpas just do." Love would then "go in front of [Z.L.]" and put his mouth on Z.L.'s "middle part." Z.L. stated that this would happen "every time we'd go" to Love's house, and that Love threatened to kill him if he told anyone. He agreed that it happened over a period of at least thirty days.

S.T., Z.L.'s adoptive mother, testified that Z.L. was acting strangely for several days and eventually told her that someone was touching him sexually. She testified that, when she asked Z.L. how he was being touched sexually, he told her that the person put "their penis in his butt." He later told her that Love was the one abusing him. She reported

---

[1] This appeal was transferred from the Tenth Court of Appeals in Waco pursuant to a docket equalization order issued by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2017 1st C.S.). Accordingly, we are required to apply the precedent of the Waco court to the extent it differs from our precedent. TEX. R. APP. P. 41.3.

this to Z.L.'s biological mother and to the Department of Family and Protective Services.

Love was convicted as charged and sentenced to life imprisonment. This appeal followed.

## II. DISCUSSION

### A. Constitutionality of Continuous Sexual Abuse of a Young Child Statute

Love contends by his first issue, as he did in his pre-trial motion, that penal code section 21.02 is unconstitutional because it does not require jurors to be unanimous as to which specific acts of child sexual abuse were committed.

#### 1. Standard of Review and Applicable Law

Whether a statute is facially constitutional is a question of law that is reviewed de novo. *Ex parte Lo*, 424 S.W.3d 10, 14 (Tex. Crim. App. 2013). We typically begin with the presumption that the statute is valid and that the legislature has not acted unreasonably or arbitrarily. *Id.* at 14–15. The burden normally rests upon the party challenging the statute to establish its unconstitutionality. *Id.* at 15. We must uphold a statute if we can determine a reasonable construction which will render it constitutional. *Ely v. State*, 582 S.W.2d 416, 419 (Tex. Crim. App. [Panel Op.] 1979).

Jury unanimity is required in all felony cases by the Texas Constitution, and it is required in all criminal cases by statute. TEX CONST. art. V, § 13; TEX. CODE CRIM. PROC. ANN. arts. 36.29(a), 37.02, 37.03, 45.034, 45.036 (West, Westlaw through 2017 1st C.S.); *see Cosio v. State*, 353 S.W.3d 766, 771 (Tex. Crim. App. 2011). Every juror must agree that "the defendant committed the same, single, specific criminal act." *Ngo v. State*, 175 S.W.3d 738, 745 (Tex. Crim. App. 2005). However, there is a distinction between a fact that is a specific element of the crime and one that is but the means to the commission of

a specific element. *Id.* at 747. Jurors must unanimously agree on all elements of a crime in order to convict, but jurors need not agree on all underlying facts that make up a particular element. *Id.* When alternative manners and means of committing an offense are submitted to a jury, it is appropriate for the jury to return a general verdict of guilty if the evidence supports a conviction under any one of them. *Kitchens v. State*, 823 S.W.2d 256, 258 (Tex. Crim. App. 1991).

### 2. Analysis

Texas Penal Code section 21.02 provides that, for the offense of continuous sexual assault of a young child, a jury is "not required to agree unanimously on which specific acts of sexual abuse were committed by the defendant or the exact date when those acts were committed." TEX. PENAL CODE ANN. § 21.02(d). Instead, the jury must only agree unanimously that the defendant, during a period that is thirty or more days in duration, committed two or more acts of sexual abuse. *Id.*

This Court held in *Reckart v. State* that, for purposes of section 21.02, "each act of sexual abuse is not an 'element' of the offense; rather, the 'series' is the element of the offense, and the acts of sexual abuse are merely the manner and means of committing an element of the offense." 323 S.W.3d 588, 601 (Tex. App.—Corpus Christi 2010, pet. ref'd) (holding that the statute did not permit the State to obtain a conviction on less than proof beyond a reasonable doubt). We noted that, although the appellant in that case did not argue that the statute violated the constitutional requirement of jury unanimity, our holding "undermines the basic premise that would support such an argument." *Id.* at 600 n.2.

4

Other Texas appeals courts, including the transferor court in this case, have explicitly held that section 21.02 does not violate the constitutional jury unanimity requirement. *See Navarro v. State*, ___ S.W.3d ___, No. 10-16-00173-CR, 2017 WL 5182439, at *1–2 (Tex. App.—Waco Nov. 8, 2017, no pet. h.) (rejecting appellant's argument that section 21.02 violates the constitutional unanimity requirement because "the individual acts of sexual abuse are the manner and means by which the element of 'two or more acts of sexual abuse' is committed, and not elements in and of themselves"); *Fulmer v. State*, 401 S.W.3d 305, 313 (Tex. App.—San Antonio 2013, pet. ref'd) (same); *McMillian v. State*, 388 S.W.3d 866, 871–73 (Tex. App.—Houston [14th Dist.] 2012, no pet.) ("We believe the alternate acts are morally equivalent and conceptually similar, and we conclude that the legislature has not violated due process by treating these alternate acts as manner and means under section 21.02."); *Kennedy v. State*, 385 S.W.3d 729, 730 (Tex. App.—Amarillo 2012, pet. ref'd) ("The individual acts of sexual abuse that make up the series of acts are not themselves elements of the offense."); *Casey v. State*, 349 S.W.3d 825, 829–30 (Tex. App.—El Paso 2011, no pet.) (noting that "section 21.02 does not violate due process simply because it permits jurors to convict while disagreeing on the manner and means of commission of the offense"); *Jacobsen v. State*, 325 S.W.3d 733, 736–39 (Tex. App.—Austin 2010, no pet.) (same, noting that "[a]ll of the 'acts of sexual abuse' [defined in the statute] involve actual or threatened sexual abuse, assault, or exploitation of children," "[a]ll of the acts are either first or second degree felonies," "[a]ll are morally equivalent, and they are largely similar conceptually"); *Render v. State*, 316 S.W.3d 846, 854–58 (Tex. App.—Dallas 2010, pet. ref'd); *see also Pollock v. State*, 405

5

S.W.3d 396, 404–405 (Tex. App.—Fort Worth 2013, no pet.) (finding that jury charge tracking section 21.02 did not allow a non-unanimous jury verdict).[2]

Love argues that the reasoning employed in these cases is "flawed" because it is insufficient to merely point out that the Legislature intended for the specific acts of sexual abuse to be "manners and means" of committing the offense rather than elements of the offense. He notes that, regardless of legislative intent, it is a violation of his due process rights for the State to allege a "laundry list of different criminal acts and let the jurors take their pick on which each believes the defendant committed." *Ngo*, 175 S.W.3d at 745. That is true, but several of the courts that have considered the issue have specifically held that, not only did the Legislature intend to make the separate acts of abuse "manners and means" of committing the offense, but also that such a construction would not violate due process. *See Fulmer*, 401 S.W.3d at 312–13; *McMillian*, 388 S.W.3d at 872–73; *Casey*, 349 S.W.3d at 829; *Jacobsen*, 325 S.W.3d at 739. We concur with the reasoning of those courts and conclude that, by classifying the different instances of sexual abuse as "manners and means" of committing the offense rather than elements of the offense, section 21.02 does not violate the constitutional right to due process or the constitutional right to jury unanimity.

Love's first issue is overruled.

---

[2] Although the Texas Court of Criminal Appeals has yet to rule specifically on the constitutionality of section 21.02 in terms of jury unanimity, it has observed that:

> The statutory language reflects that the Legislature intended to permit one conviction for continuous sexual abuse based on the repeated acts of sexual abuse that occur over an extended period of time against a single complainant, even if the jury lacks unanimity as to each of the particular sexual acts or their time of occurrence, so long as the jury members agree that at least two acts occurred during a period that is thirty or more days in duration.

*Price v. State*, 434 S.W.3d 601, 605–606 (Tex. Crim. App. 2014).

6

**B.      Admission of Outcry Testimony**

By his second issue, Love argues that the trial court erred by admitting the outcry testimony of S.T. because the State did not provide notice of that testimony as required by statute.  *See* TEX. CODE CRIM. PROC. ANN. art. 38.072 (West, Westlaw through 2017 1st C.S.).  We review the admission of evidence for abuse of discretion.  *Shuffield v. State*, 189 S.W.3d 782, 793 (Tex. Crim. App. 2006).

Article 38.072 of the Texas Code of Criminal Procedure provides that, under certain circumstances, a third party's testimony of a statement made by a child reporting a sex crime against the child is not inadmissible because of the hearsay rule.  TEX. CODE CRIM. PROC. ANN. art. 38.072(b).  The party seeking to offer the outcry statement as evidence under this statute must, on or before the fourteenth day before the proceeding, provide the opposing party with:  (A) notice of its intention to offer the statement, (B) the name of the witness through whom it intends to offer the statement, and (C) a written summary of the statement.  *Id.* art. 38.072(b)(1).

On September 8, 2016, the State filed and served upon defense counsel a "State's Combined Notices" which included a "Notice of Intent to Use Child Abuse Victim's Outcry Statement Pursuant to Article 38.072, Code of Criminal Procedure" stating as follows:

> On or about 08/11/2013, V/C made an outcry that the Defendant was sexually molesting him and that his father, [J.L.], was aware of it.  This outcry was made to [Ja.L.], V/C's aunt.  CPS was contacted.  Based upon the information learned by CPS, the case was referred to the Lacy Lakeview Police Department for investigation.

On September 22, 2016, the State filed and served an amended notice which stated:

> On or about 08/11/2013, V/C made an outcry that the Defendant was sexually molesting him and that his father, [J.L.], was aware of it.  This outcry was made to [Ja.L.], V/C's aunt, and to [S.T.], a friend of V/C's aunt.  CPS was contacted.  Based upon the information learned by CPS, the case was referred to the Lacy Lakeview Police Department for investigation.

7

Trial began on September 27, 2016, and S.T. was called to testify the following day. Defense counsel objected on the basis that the State's notice was insufficient. After holding a reliability hearing as required by the statute, *see id.* art. 38.072(b)(2),[3] the trial court "f[ou]nd the outcry statement to be reliable according to the statute" and overruled counsel's objection.

On appeal, Love contends that the State's notice did not satisfy the requirement of subsection (b)(1) of article 38.072 because it "misidentified" the outcry witness and "provided no details" about the outcry statement. In response, the State argues that the amended notice correctly identified S.T. as the outcry witness. The State further notes that "[t]he purpose of the notice requirement is to prevent the defendant from being surprised by the introduction of the outcry-hearsay testimony," *Gay v. State*, 981 S.W.2d 864, 866 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd), and the record here does not show that defense counsel was actually surprised by the content of S.T.'s testimony. But the record does reflect that the only notice which was timely served was the original September 8, 2016 notice, and this notice failed to identify S.T. as an outcry witness. The State does not cite any authority, nor do we find any, establishing either that a late-served amended notice relates back to the original date of service or that the trial court has the discretion to admit outcry testimony in the absence of timely-served notice, even if there was no actual surprise. Accordingly, we conclude that the trial court abused its discretion

---

[3] The statute provides that an outcry statement is not inadmissible because of the hearsay rule only if, among other things, "the trial court finds, in a hearing conducted outside the presence of the jury, that the statement is reliable based on the time, content, and circumstances of the statement . . . ." TEX. CODE CRIM. PROC. ANN. art. 38.072(b)(2) (West, Westlaw through 2017 1st C.S.). Love does not argue that the trial court erred in determining that the statement was reliable.

by admitting S.T.'s testimony over defense counsel's objection. *See* TEX. CODE CRIM. PROC. ANN. art. 38.072(b)(1)(B).[4]

The erroneous admission of outcry testimony under article 38.072 is non-constitutional error. *Merrit v. State*, 529 S.W.3d 549, 556 (Tex. App.—Houston [14th Dist.] 2017, pet. filed) (citing *Garcia v. State*, 126 S.W.3d 921, 927 (Tex. Crim. App. 2004)). Therefore, the rules of appellate procedure direct us to disregard the error unless it affected Love's substantial rights. TEX. R. APP. P. 44.2(b). A substantial right is affected when the error has a substantial and injurious effect or influence in determining the jury's verdict. *Simpson v. State*, 119 S.W.3d 262, 266 (Tex. Crim. App. 2003). In assessing the likelihood the jury's decision was adversely affected by the error, we consider everything in the record, including any testimony or physical evidence, the nature of the evidence supporting the verdict, the character of the alleged error, and how it might be considered in connection with other evidence in the case. *Haley v. State*, 173 S.W.3d 510, 518 (Tex. Crim. App. 2005). We may also consider the jury instructions, the State's theory and any defensive theories, closing arguments, voir dire, and whether the State emphasized the error. *Id.* at 518–19. Additionally, the presence of overwhelming evidence of guilt plays a determinative role in this analysis. *Neal v. State*, 256 S.W.3d 264, 285 (Tex. Crim. App. 2008). We will not reverse a conviction for non-constitutional error if, after examining the record as whole, we have "fair assurance that the error did not influence the jury, or had but a slight effect." *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998).

---

[4] In light of our conclusion, we do not address Love's contention that the State's notice failed to provide an adequate summary of the outcry statement. *See id.* art. 38.072(b)(1)(C); *see also* TEX. R. APP. P. 47.1.

9

It is well-settled that the erroneous admission of evidence is generally harmless when the same evidence is admitted elsewhere without objection. *Gardner v. State*, 306 S.W.3d 274, 293 n.39 (Tex. Crim. App. 2009); *Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998) ("[O]verruling an objection to evidence will not result in reversal when other such evidence was received without objection, either before or after the complained-of ruling.") (citing *Wagner v. State*, 109 S.W. 169, 169 (Tex. Crim. App. 1908)). This principle has been applied in the context of erroneously-admitted outcry testimony. *See, e.g.*, *Padilla v. State*, 278 S.W.3d 98, 107 (Tex. App.—Texarkana 2009, pet. ref'd) (finding error in admitting outcry testimony to be harmless where, "for the most part[,] the outcry testimony was a reiteration of evidence already otherwise properly admitted"); *Zarco v. State*, 210 S.W.3d 816, 833 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (holding no harm in admitting officer's outcry testimony because the complainant gave "the same testimony [as the officer] gave regarding the abuse"); *West v. State*, 121 S.W.3d 95, 105 (Tex. App.—Fort Worth 2003, pet. ref'd) (finding no harm in admitting outcry testimony by complainant's mother where complainant previously provided "detailed, factually specific testimony concerning the assault"); *see also Dickey v. State*, No. 13-15-00303-CR, 2016 WL 3962688, at *3 (Tex. App.—Corpus Christi July 21, 2016, no pet.) (mem. op., not designated for publication) (holding that there would be no harm in erroneously admitting outcry testimony that "was consistent with [complainant's] testimony" and testimony of pediatrician).

Here, Z.L. gave specific, detailed testimony at trial regarding the acts of abuse committed by Love. The trial evidence also included hospital records which contained a patient history given by Z.L. which Z.L. recounts that Love "put his private area in my butt"

while Z.L. was playing a video game. Additionally, a video recording of a forensic interview with Z.L. was entered into evidence without objection and was played for the jury. In the video, Z.L. verbally recounted details of the abuse, consistent with his trial testimony and hospital records, and he demonstrated the abuse using his finger and the interviewer's hands. S.T.'s testimony—that Z.L. told her Love put his "penis in his butt"—was merely cumulative of the other evidence which was admitted without objection. Moreover, S.T.'s testimony was not mentioned during closing argument; instead, the prosecutor emphasized that Z.L.'s testimony, alone, was enough to establish Love's guilt beyond a reasonable doubt.

Love concedes that S.T.'s testimony was cumulative, but he argues that "the erroneous admission of evidence is not necessarily rendered harmless by the fact that other, cumulative evidence was properly admitted." He notes that the central issue at trial was Z.L.'s credibility, and he contends that the "repetition" of Z.L.'s allegations "lent great credibility to his story." But even if S.T.'s testimony was excluded, the jury would still have been subject to "repetition" of Z.L.'s "story" because of the unchallenged admission into evidence of the forensic interview recording and hospital records. Under these circumstances, we have "fair assurance" that the erroneous admission of S.T.'s outcry testimony had at most "a slight effect" on the jury's verdict. *See Johnson*, 967 S.W.2d at 417. Therefore, the error did not affect Love's substantial rights and was harmless. *See* TEX. R. APP. P. 44.2(b). We overrule Love's second issue.

### III. CONCLUSION

We note that the judgment incorrectly recites that the "statute for offense" is "22.021 Texas Penal Code." Section 22.021 is the statute for aggravated sexual assault,

11

whereas Love was convicted of continuous sexual assault of a young child under penal code section 21.02. *See* TEX. PENAL CODE ANN. § 21.02. Accordingly, we modify the judgment to reflect the correct statute. *See* TEX. R. APP. P. 43.2(b); *Banks v. State*, 708 S.W.2d 460, 461 (Tex. Crim. App. 1986) (holding that when an appellate court has the necessary data and evidence before it for modification, the judgment may be modified on appeal).

The trial court's judgment is affirmed as modified herein.

DORI CONTRERAS
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
18th day of January, 2018.