**Andrew Fares KFOURI, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

No. 14–08–00984–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

March 9, 2010.

Rehearing En Banc Overruled
June 10, 2010.

Sam Adamo, Peyton Peebles III, Houston, for appellant.

David Christopher Newell, Houston, for the appellee.

Panel consists of Justices FROST, BOYCE, and SULLIVAN.

## OPINION

WILLIAM J. BOYCE, Justice.

Appellant Andrew Fares Kfouri challenges the denial of his motion to quash an indictment. After the trial court denied appellant's motion, appellant pleaded "no contest" and the trial court assessed punishment as confinement for five years. We affirm.

## Background

Appellant was indicted under Texas Transportation Code section 545.420 for the offense of causing the death of a person by intentionally and knowingly participating in a drag race on July 12, 2007. The indictment alleges as follows:

> ... **Andrew Fares Kfouri** hereafter styled the Defendant, heretofore on or about June 18, 2007, did then and there unlawfully while operating a motor vehicle on a highway, intentionally and knowingly participate in a drag race, to—wit, the operation of two or more vehicles from a point side by side at accelerating speeds in a competitive attempt to outdistance each other, and as a result, caused the death of Daniel Reiter hereafter called the Complainant, by operating his motor vehicle at an excessive speed and by failing to maintain a single lane of traffic thereby striking the vehicle he was racing against which caused the vehicle to strike a vehicle occupied by the Complainant.

Appellant filed a Motion to Quash Indictment on October 2, 2008 alleging that section 545.420 is unconstitutionally vague. The trial court orally denied appellant's motion in a hearing on October 8, 2008. Appellant subsequently pleaded "no contest" to the indictment and the trial court assessed punishment as confinement for five years. Appellant appeals the trial court's denial of his motion to quash.

## Analysis

■ We review the trial court's denial of a motion to quash *de novo. Lawrence v. State*, 240 S.W.3d 912, 915 (Tex.Crim.App. 2007); *State v. Moff*, 154 S.W.3d 599, 601 (Tex.Crim.App.2004). A defendant must be given notice before trial of the "nature and cause" of the accusation against him. *See* U.S. CONST. amend. VI; TEX. CONST. art. I, § 19. The notice must be given with sufficient clarity and detail to enable the defendant to anticipate the State's evidence and prepare a proper defense to it. *See* U.S. CONST. amend. VI; TEX. CONST. art. I, § 19; *Garcia v. State*, 981 S.W.2d 683, 685 (Tex.Crim.App. 1998) (en banc).

■ An indictment must allege all the facts and circumstances necessary to establish all material elements of the offense charged in plain and intelligible language. *Garcia*, 981 S.W.2d at 685; *Bynum v. State*, 767 S.W.2d 769, 779 (Tex.Crim.App. 1989) (en banc). An indictment must allege on its face facts necessary to (1) show that an offense was committed, (2) bar a subsequent prosecution for the same offense, and (3) give defendant notice of precisely what offense he is charged with committing. *Terry v. State*, 471 S.W.2d 848, 852 (Tex.Crim.App.1971). An indictment tracking the statutory language will satisfy constitutional and statutory requirements; the State need not allege facts that are merely evidentiary in nature. *State v. Mays*, 967 S.W.2d 404, 406 (Tex. Crim.App.1998) (en banc); *Moreno v. State*, 721 S.W.2d 295, 300 (Tex.Crim.App. 1986) (en banc).

An individual commits an offense if he "participate[s] in any manner in ... a drag race or acceleration contest[.]" Tex. Transp. Code Ann. § 545.420(a)(3) (Vernon Supp.2009). "Drag race" is defined as "the operation of ... two or more vehicles

from a point side by side at accelerating speeds in a competitive attempt to outdistance each other[.]" *Id.* § 545.420(b)(1)(A). If a person suffers serious bodily injury or death as a result of an individual's participation in a drag race, the offense is a second degree felony. *Id.* § 545.420(h).

Appellant challenges the indictment on grounds that section 545.420 violates due process of law under the United States Constitution and due course of law under the Texas Constitution because it is unconstitutionally vague.

A statute is void for vagueness if it (1) fails to give a person of ordinary intelligence fair notice of the conduct prohibited, or (2) is so indefinite that it encourages arbitrary and discriminatory enforcement. *Kolender v. Lawson,* 461 U.S. 352, 357, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983); *Clark v. State,* 665 S.W.2d 476, 482 (Tex.Crim.App.1984) (en banc). All penal laws must provide fair notice to a person of ordinary intelligence before making their activity criminal. *State v. Fry,* 867 S.W.2d 398, 401 (Tex.App.-Houston [14th Dist.] 1993, no pet.). A criminal statute need not be mathematically precise; it need only give fair warning in light of common understanding and practices. *Id.* A statute is unconstitutionally vague only when no core of prohibited activity is defined. *Id.* A statute also must be sufficiently definite to avoid the possibility of arbitrary and erratic arrests and convictions. *Id.*

In determining whether a statute is unconstitutionally vague, we interpret the statute in accordance with the plain meaning of its language unless the language is ambiguous or the plain meaning leads to an absurd result. *Sanchez v. State,* 995 S.W.2d 677, 683 (Tex.Crim.App. 1999). "Words and phrases shall be read in context and construed according to the rules of grammar and usage." Tex. Gov't Code Ann. § 311.011(a) (Vernon 2005); *see* Tex. Penal Code Ann. § 1.05(b) (Vernon 2010) (making section 311.011 applicable to the Texas Penal Code). We presume that a statute is valid and that the legislature did not act arbitrarily and unreasonably in enacting it. *Rodriguez v. State,* 93 S.W.3d 60, 69 (Tex.Crim.App.2002). If a statute can be construed in two different ways, one of which sustains its validity, we apply the interpretation that sustains its validity. *State v. Carmaco,* 203 S.W.3d 596, 599 (Tex.App.-Houston [14th Dist.] 2006, no pet.). The burden rests upon the person who challenges a statute to establish its unconstitutionality. *Rodriguez,* 93 S.W.3d at 69. We must uphold a statute if we can determine a reasonable construction which will render it constitutional. *Ely v. State,* 582 S.W.2d 416, 419 (Tex.Crim.App. [Panel Op.] 1979); *Duncantell v. State,* 230 S.W.3d 835, 843 (Tex.App.-Houston [14th Dist.] 2007, pet. ref'd).

When a vagueness challenge involves First Amendment concerns, the statute may be held facially invalid even though it may not be unconstitutional as applied to the appellant's conduct. *Long v. State,* 931 S.W.2d 285, 288 (Tex.Crim. App.1996) (en banc); *Coronado v. State,* 148 S.W.3d 607, 608 (Tex.App.-Houston [14th Dist.] 2004, no pet.). But when (as here) no First Amendment rights are involved, we need only examine the statute to determine whether it is impermissibly vague as applied to the appellant's specific conduct. *Bynum,* 767 S.W.2d at 773–74; *Coronado,* 148 S.W.3d at 608. Appellant does not argue that this case involves First Amendment concerns. Accordingly, appellant bears the burden to establish that section 545.420 is unconstitutional as applied to him in this case. *See Bynum,* 767 S.W.2d at 774; *Coronado,* 148 S.W.3d at

608. It is not enough for appellant to contend that section 545.420 might be unconstitutional as applied to others. *See Bynum,* 767 S.W.2d at 774; *Coronado,* 148 S.W.3d at 608.

Appellant argues that section 545.420 does not provide adequate notice of the prohibited conduct because it is unclear (1) "which individuals are subject to prosecution under the statute;" (2) "whether the application [of the statute] is restricted to motor vehicles or to any type of vehicle;" and (3) "on which traffic areas it is intended to apply." Appellant also argues that section 545.420 is unconstitutionally vague because it is so indefinite that it gives law enforcement personnel unfettered discretion to apply the statute.

Appellant first argues that section 545.420 is unclear because it could apply to "mere spectators." The indictment specifically alleges that appellant was operating a motor vehicle while participating in a drag race. Section 545.420 clearly prohibits an individual from operating a motor vehicle in a drag race. Whether section 545.420(a)(1) extends to someone who is a "mere spectator" has no bearing on the validity of the indictment at issue. *See Bynum,* 767 S.W.2d at 774; *Coronado,* 148 S.W.3d at 608.

Appellant next argues that section 545.420 is unclear because it could apply "to motor vehicles or to any type of vehicle." The indictment alleges that appellant was "operating a motor vehicle." Section 545.420 applies to "vehicles." *See* Tex. Transp. Code Ann. § 545.420. "Vehicle" is defined as "a device that can be used to transport or draw persons or property on a highway." *Id.* § 541.201(23) (Vernon Supp.2009). "Motor vehicle" is defined as "a self-propelled vehicle or a vehicle that is propelled by electric power from overhead trolley wires." *Id.* § 541.201(11). A "motor vehicle" is clearly a vehicle under the transportation code. *See id.* § 541.201(11), (23). Whether section 545.420 applies to any other type of vehicle has no bearing on the validity of the indictment at issue. *See Bynum,* 767 S.W.2d at 774; *Coronado,* 148 S.W.3d at 608.

Appellant also argues that section 545.420 is unclear because it could apply to all "traffic areas" including sidewalks, alleys, and shoulders. The indictment alleges that appellant was drag racing on a "highway." Section 545.420 is entitled "Racing on Highway." Tex. Transp. Code Ann. § 545.420. "Highway" is defined in the transportation code as "the width between the boundary lines of a publically maintained way any part of which is open to the public for vehicular travel." *Id.* § 541.302(5) (Vernon 1999). "Highway" is further defined to consist of the traffic areas defined as "roadways" and "shoulders." *Id.* § 541.302(11), (15).[1] Section 545.420 clearly applies to "highways." Whether section 545.420 applies to any other traffic area has no bearing on the validity of the indictment at issue. *See Bynum,* 767 S.W.2d at 774; *Coronado,* 148 S.W.3d at 608.

Lastly, appellant argues that section 545.420 does not establish a standard for law enforcement personnel to employ when determining whether two cars are in

1. "Roadway" is defined as "the portion of a highway, other than the berm or shoulder, that is improved, designed, or ordinarily used for vehicular travel. If a highway includes at least two separate roadways, the term applies to each roadway separately." Tex. Transp. Code Ann. § 541.302(11).

"Shoulder" is defined as "the portion of a highway that is: (A) adjacent to the roadway; (B) designed or ordinarily used for parking; (C) distinguished from the roadway by different design, construction, or marking; and (D) not intended for normal vehicular travel." *Id.* § 541.302(15).

a "competitive attempt to outdistance each other." Section 545.420 adequately details the prohibited conduct to the extent that enforcement of the statute is not relegated to the subjective interpretation of law enforcement personnel on the scene. The language of section 545.420 provides sufficient guidance to law enforcement personnel so that it is not so indefinite that it encourages arbitrary and discriminatory enforcement. *See Bynum*, 767 S.W.2d at 775; *Duncantell*, 230 S.W.3d at 843.

We conclude that section 545.420 is not unconstitutionally vague as applied to appellant in this case. We overrule appellant's sole issue.

### Conclusion

We affirm the trial court's judgment.