**Affirmed and Opinion filed December 11, 2018.**



In The

# Fourteenth Court of Appeals

### NO. 14-17-00594-CR

**ALFRED T. MOLIERE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Co Crim Ct at Law No 8
Harris County, Texas
Trial Court Cause No. 2120891**

## O P I N I O N

Appellant Alfred T. Moliere appeals his sentence for misdemeanor assault involving family violence in violation of section 22.01(a)(1) of the Texas Penal Code. In his first issue, appellant contends Article 42.013 of the Code of Criminal Procedure, which requires the trial court to make an affirmative finding of family violence in the judgment, is unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Appellant argues that a finding under Article 42.013 increases his

penalty beyond the prescribed statutory maximum by depriving him of his right to possess a firearm without a finding by the jury. We overrule this issue because appellant did not preserve it and, in any event, appellant has not shown a violation of *Apprendi.*

In his second and third issues, appellant challenges as facially unconstitutional two court costs: the $25 district attorney fee authorized by article 102.008(a) of the Code of Criminal Procedure, and the $40 clerk's fee authorized by article 102.005(a) of the Code of Criminal Procedure. Appellant contends the fees violate the separation of powers clause of the Texas Constitution because the statutes authorizing the fees do not direct the fees to be spent for a legitimate criminal justice purpose, thereby turning the courts into tax gatherers. We overrule these issues because the costs assessed represent a recoupment of expenses for the trial of the case. We affirm the trial court's judgment.

## BACKGROUND

The State charged appellant by information with a misdemeanor offense of assault involving a family member. Testimony during the trial revealed that appellant and the complainant were in a relationship and had two children. While in the parking lot of a local restaurant, appellant grabbed the complainant by her hair and punched her in the face multiple times. The jury found appellant guilty of assaulting the complainant, a person with whom he had a dating relationship. After the jury's guilty verdict, the trial court sentenced appellant to confinement for one year in the Harris County Jail. The trial court also found on the record that:

> this was a – at least a dating relationship and perhaps husband and wife relationship. . . . [I]t is clearly an intimate relationship per the law for affirmative findings of family violence, which means, sir, that you may

not possess or transfer firearms or fire ammunition under Federal Law.[1]

The trial court included the family violence finding in the judgment. The judgment also assessed several costs against appellant, including a "district attorney fee" of $25.00 and a "district clerk's fee" of $40.00.

## ANALYSIS

Appellant raises three issues on appeal: (1) a facial constitutional challenge that article 42.013 violates *Apprendi v. New Jersey*; (2) a facial constitutional challenge to the $25 district attorney fee because he argues the revenue from the fee is directed to the Harris County general fund, allowing the money to be spent for purposes other than criminal justice purposes; and (3) a facial constitutional challenge to the $40 district clerk fee for the same reason. We address each issue in turn.

## I. Appellant has not shown that article 42.013's requirement of a court finding of family violence is facially unconstitutional.

### A. Appellant did not preserve his facial challenge.

Appellant argues that article 42.013 is unconstitutional on its face and violates both his Fourteenth Amendment right to due process and his Sixth Amendment right to a jury trial. Appellant did not raise this facial constitutional challenge to article 42.013 in the trial court. Failure to raise a facial constitutional challenge to a statute in the trial court waives the right to complain of the statute on appeal. *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009) ("A facial challenge to the constitutionality of a statute falls within" the category of rights that can be forfeited if not raised in the trial court); *Merrit v. State*, 529 S.W.3d 549, 555 (Tex. App.—

---

[1] Both state and federal law limit weapons possession by persons convicted of misdemeanor offenses involving domestic violence. *See* 18 U.S.C. § 922(g)(9); Tex. Penal Code Ann. § 46.04(b) (West 2011).

3

Houston [14th Dist.] 2017, pet. ref'd). We have held that an appellant waives an *Apprendi* complaint by not raising it in the trial court. *Massouth v. State*, Nos. 14-03-00605-CR, 14-03-00606-CR, No. 2004 WL 1381027, at *2 (Tex. App.—Houston [14th Dist.] June 22, 2004, pet. ref'd) (mem. op.).

Appellant argues the rule in *Karenev* does not apply because his complaint concerns an illegal sentence and thus may be raised for the first time on appeal. Appellant is correct that a court may always notice and correct an illegal sentence, even if a party did not make a contemporaneous objection in the trial court. *Mizell v. State*, 119 S.W.3d 804, 806 & n.6 (Tex. Crim. App. 2003) (en banc). We conclude, however, that appellant's sentence was not illegal and thus he cannot rely on that doctrine to raise his issue on appeal.

An illegal sentence is one that is not authorized by law. *Ex parte Parrott*, 396 S.W.3d 531, 534 (Tex. Crim. App. 2013); *Mizell*, 119 S.W.3d at 806 ("A sentence that is outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal."). Appellant received a sentence of confinement for one year in the county jail, a sentence within the range allowed for a misdemeanor assault. *See* Tex. Penal Code § 12.21 (individual found guilty of a Class A misdemeanor, such as assault, shall be punished by a fine not to exceed four thousand dollars, confinement in jail for a term not to exceed one year, or both).

Article 42.013 expressly authorizes and requires a trial court to make a finding of family violence and enter it in the judgment of the case. *Butler v. State*, 189 S.W.3d 299, 302 (Tex. Crim. App. 2006). Appellant does not challenge the merits of the trial court's finding of family violence; instead, appellant argues the law allowing the trial court to make the finding is unconstitutional. But, "[s]tatutes are presumed to be constitutional until it is determined otherwise." *Karenev*, 281 S.W.3d at 434; *see also Ex parte Beck*, 541 S.W.3d 846, 854 (Tex. Crim. App. 2017).

To establish that his sentence is illegal, appellant must first establish that the statute is facially unconstitutional—a challenge he has not preserved. *Karenev*, 281 S.W.3d at 434; *see Massouth*, 2004 WL 1381027, at *2; *cf. Ex parte Beck*, 541 S.W.3d at 855 (noting exception to preservation rule exists only if statute has already been declared unconstitutional; otherwise, facial challenge must be preserved in trial court).

**B.     An article 42.013 finding does not unconstitutionally increase appellant's punishment.**

Assuming appellant can raise his argument for the first time on appeal, we conclude appellant has not met his burden.  Whether a criminal statute is constitutional is a question of law that we review de novo. *Ex parte Lo*, 424 S.W.3d 10, 14 (Tex. Crim. App. 2013).  A facial challenge is an attack on the statute itself as opposed to a particular application. *Salinas v. State*, 523 S.W.3d 103, 106 (Tex. Crim. App. 2017).  As stated above, we presume the statute is valid, and we uphold the statute if we can apply a reasonable construction rendering the statute constitutional. *Ely v. State*, 582 S.W.2d 416, 419 (Tex. Crim. App. [Panel Op.] 1979); *Kfouri v. State*, 312 S.W.3d 89, 92 (Tex. App.—Houston [14th Dist.] 2010, no pet.).  "A facial challenge to a statute is the most difficult challenge to mount successfully because the challenger must establish that no set of circumstances exists under which the statute will be valid." *Santikos v. State*, 836 S.W.2d 631, 633 (Tex. Crim. App.), *cert. denied*, 506 U.S. 999 (1992); *see also United States v. Salerno*, 481 U.S. 739, 745 (1987).  Except when First Amendment freedoms are at issue, a facial challenge requires the appellant to challenge the statute in all its applications. *Salinas*, 523 S.W.3d at 106.

Under *Apprendi v. New Jersey*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proven

beyond a reasonable doubt to avoid violating a defendant's rights to due process and trial by jury. 530 U.S. 466, 490 (2000); *see Butler*, 189 S.W.3d at 302. *Apprendi* is implicated only if a finding increases an appellant's punishment beyond the prescribed statutory maximum.[2] *Butler*, 189 S.W.3d at 302. Appellant points to the loss of his right to possess weapons for a stated length of time as the enhanced punishment resulting from a family-violence finding under article 42.013. *See* Tex. Penal Code § 46.04 (prohibiting person convicted of family-violence assault from possessing a firearm before fifth anniversary of later of date of person's release from confinement or release from community supervision); *see also* 18 U.S.C. § 922(g)(9) (prohibiting person convicted of misdemeanor domestic violence from shipping or transporting, possessing in or affecting interstate or foreign commerce a firearm or ammunition).

The loss of the right to possess firearms for a stated length of time, however, is not part of the punishment for appellant's crime. In a different context, the Court of Criminal Appeals has described a restriction on weapons possession as a direct *non-punitive* consequence of certain crimes. *Mitschke v. State*, 129 S.W.3d 130, 135 (Tex. Crim. App. 2004) (noting "there are a number of direct consequences of a plea of guilty, such as the loss for a period of years of the right to vote and the right to possess firearms . . . that do not necessarily render an otherwise voluntary plea

---

[2] The statutory maximum means the "maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." *Blakely v. Washington*, 542 U.S. 296, 303 (2004) (emphasis in original). We note that the jury here found appellant committed assault against the complainant, "a person with whom [he] had a dating relationship." Thus, the jury's verdict reflects the facts necessary to support a finding of family violence. Tex. Fam. Code Ann. § 71.004 (West 2014). Appellant argues the jury's finding is immaterial because the statute requires the trial court to make the finding. But a defendant asserting a facial challenge to a statute must also establish that the law is unconstitutional as applied to him in his situation. *Santikos*, 836 S.W.2d at 633. Here, the jury made the finding necessary to establish family violence, which undercuts the required showing that the statute violated *Apprendi* as applied to appellant in this case.

involuntary by the failure of the trial court to admonish a defendant of each of those direct, non-punitive consequences."). In addition, the Dallas Court of Appeals considered whether loss of the right to possess weapons was part of a defendant's sentence for purposes of *Apprendi* and concluded it was not. *Williams v. State*, No. 05-10-00696-CR, 2011 WL 3484807, at *4 (Tex. App.—Dallas Aug. 10, 2011, pet. ref'd) (not designated for publication) (noting appellant cited no case in which any court has held gun restrictions are punitive).[3] We agree with the holding in *Williams* and conclude that the restriction on weapons possession is a non-punitive consequence of appellant's conviction rather than a part of his sentence for *Apprendi* purposes. *Cf. Butler*, 189 S.W.3d at 303 (additional burdens of community supervision that arose upon the family violence finding did not increase "appellant's punishment beyond the prescribed statutory maximum, thus *Apprendi* does not apply"); *Williams*, 2011 WL 3484807, at *4.

In any event, we conclude appellant cannot prevail on a facial challenge because he has not established that article 42.013 operates unconstitutionally in all circumstances. Appellant argues that the statute requiring the trial court to make the family-violence finding always operates unconstitutionally because by its terms article 42.013 requires the trial court, and not the jury, to make the finding. But appellant has not addressed situations in which the judge, rather than the jury, is the trier of fact. In such situations, the trial court's determination of whether the assault involved family violence would not run afoul of *Apprendi* even under appellant's view of that case. Furthermore, the *Apprendi* rule is inapplicable to certain petty offenses that do not trigger the right to a jury trial. *See S. Union Co. v. U.S.*, 567

---

[3] *See also Hitch v. State*, 51 N.E.3d 216, 225 (Ind. 2016) (loss of right to possess firearm is non-punitive part of regulatory regime aimed at protecting public); *D'Alessandro v. Pa. State Police*, 937 A.2d 404, 411 n.7 (Pa. 2007) (noting gun restrictions imposed by section 922(g) "are not punitive in purpose or effect" and do not implicate *Apprendi* due-process concerns).

U.S. 343, 350-51 (2012) ("Where a fine is so insubstantial that the underlying offense is considered 'petty,' the Sixth Amendment right of jury trial is not triggered, and no *Apprendi* issue arises."). There are certain assault offenses in the Penal Code that could give rise to a family-violence finding under article 42.013, though they are classified as low-level misdemeanors carrying insubstantial jail time or fines. *See, e.g.*, Tex. Penal Code § 22.01(c) (classifying assault under (a)(2) and (3) as class C misdemeanors). Because the Sixth and Fourteenth Amendments do not require any jury findings in such cases, appellant has not established that the statute is unconstitutional in all circumstances. We overrule appellant's first issue.

## II.     The challenged court costs do not violate the separation of powers.

Although appellant did not object to costs in the trial court, the costs were not imposed in open court and the judgment does not contain an itemization of the imposed costs. Thus, appellant may challenge the constitutionality of the costs for the first time on appeal. *See Johnson v. State*, 537 S.W.3d 929, 929 (Tex. Crim. App. 2017) (per curiam); *London v. State*, 490 S.W.3d 503, 507 (Tex. Crim. App. 2016). In considering appellant's issues challenging two of the costs, we first address the standards for analyzing the constitutionality of court-cost statutes and then apply those standards to the specific costs challenged by appellant.

### A.     Standards governing facial challenges to court costs

The party challenging a court-cost statute has the burden of establishing its unconstitutionality. *Peraza v. State*, 467 S.W.3d 508, 514 (Tex. Crim. App. 2015). Appellant bases his facial challenge to the cost statutes on the doctrine of separation of powers. The Separation of Powers provision of the Texas Constitution provides:

> The powers of the Government of the State of Texas shall be divided into three distinct departments, each of which shall be confided to a separate body of magistracy, to wit: Those which are Legislative to one; those which are Executive to another, and those which are Judicial to

another; and no person, or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted.

Tex. Const. art. II, § 1. This division "ensures that power granted one branch may be exercised by only that branch, to the exclusion of the others." *Ex parte Lo*, 424 S.W.3d 10, 28 (Tex. Crim. App. 2013) (op. on reh'g). "The courts are delegated a power more properly attached to the executive branch" in violation of this provision if a court-cost statute "turns the courts into 'tax gatherers.'" *Salinas*, 523 S.W.3d at 107.

The standard for determining whether a court-cost statute violates the Separation of Powers provision has evolved over time. *See Allen v. State*, ___ S.W.3d ___, 2018 WL 4138965, at *6 (Tex. App.—Houston [1st Dist.] 2018, pet. filed) (describing developing standards applied by Court of Criminal Appeals in determining whether cost statutes are constitutional). Seventy-six years ago, in *Ex parte Carson*, the Court of Criminal Appeals held unconstitutional a $1 library fee because it was "neither necessary nor incidental to the trial of a criminal case." 159 S.W.2d 126, 130 (Tex. Crim. App. 1942) (op. on reh'g). That standard remained unchanged until 2015.

In *Peraza v. State*, the high court found *Carson*'s "necessary or incidental to the trial" standard "too limiting," explaining that it "ignores the legitimacy" of many costs that are "directly related to the recoupment of costs of judicial resources expended in connection with the prosecution of criminal cases within our criminal justice system." 467 S.W.3d at 517; *see also id.* (holding "that court costs should be related to the recoupment of costs of judicial resources"). The *Peraza* court went on to uphold the constitutionality of the DNA record fee collected under Article 102.020 of the Code of Criminal Procedure, explaining that interconnected statutory provisions provided for allocation of the funds to be expended for legitimate criminal

9

justice purposes. *Id.* at 521. Thus, *Peraza* casts no doubt on the constitutionality of recouping past costs relating to a criminal trial, which the court long ago upheld in *Carson*. Rather, *Peraza* shows that court-cost statutes are also constitutional if the funds collected are allocated to be spent in the future in a manner consistent with the functions of the Judicial Branch.

In *Johnson v. State*, we recently construed *Peraza's* standard as allowing two types of court-cost statutes to pass constitutional muster: (1) statutes under which a court recoups expenditures necessary or incidental to a criminal trial; and (2) statutes providing for an allocation of the costs to be expended for any legitimate criminal justice purpose. ___ S.W.3d ___, 2018 WL 4925456, at *5 (Tex. App.—Houston [14th Dist.] 2018, no pet. h.). An analysis of whether a statute falls within the first category is backward-looking, while an analysis under the second category is forward-looking. As we explain below, the two statutes challenged here fall within the first category of constitutional court-cost statutes.

Our sister court also follows this two-category approach. In addressing the constitutionality of the witness summoning/mileage fee found in Article 102.011 of the Code of Criminal Procedure, it explained "*Peraza* suggests that a statute that requires a convicted defendant to reimburse the State for court costs that have already been 'incurred in the administration of the criminal justice system' in that prosecution remain proper and facially valid.'" *Allen*, 2018 WL 4138965, at *7. The *Allen* court further interpreted *Peraza* as allowing for two types of costs: (1) court costs to reimburse criminal justice expenses incurred in connection with that criminal prosecution; and (2) court costs to be expended in the future to off-set future criminal-justice costs. *Id.*

Two years after *Peraza*, the Court of Criminal Appeals considered another court-cost challenge in *Salinas*, holding it was unconstitutional to allocate some of

the funds collected under the consolidated fee statute (section 133.102 of the Local Government Code) to two particular accounts. 523 S.W.3d at 113. Because the challenge was specific to how the fees were allocated, the court applied *Peraza*'s forward-looking standard that "the collection of fees in criminal cases is a part of the judicial function 'if the statute under which court costs are assessed (or an interconnected statute) provides for an allocation of such court costs to be expended for legitimate criminal justice purposes.'" *Id.* at 107 (quoting *Peraza*, 467 S.W.3d at 517). The question of what constitutes a legitimate criminal justice purpose must be answered on a statute-by-statute and case-by-case basis. *Id.* *Salinas* explained that whether a future allocation of costs relates to the administration of our criminal justice system depends on what the statute says about the intended use of the funds, not how the funds are actually used. *See id.* at 107, 109 n.26.

The fee in *Salinas* was not related to any costs incurred in a criminal trial. Accordingly, we conclude that the court's use of a forward-looking standard in *Salinas* does not affect the holding in *Carson* and recognition in *Peraza* that a court-cost statute may constitutionally recoup expenses necessary or incidental to a criminal prosecution. In other words, *Salinas* was analyzing whether the statute fell within the second category of constitutional court-cost statutes, not the first. *See Johnson*, 2018 WL 4925456, at *6. As discussed above, *Carson*'s holding was broadened in *Peraza* to allow more court-cost statutes to pass constitutional muster. *See Johnson*, 2018 WL 4925456, at *5; *Allen*, 2018 WL 4138965, at *7.

## B. The district attorney fee is facially constitutional.

In his second issue, appellant challenges the $25 district attorney fee, which is authorized by article 102.008(a) of the Code of Criminal Procedure. That provision states in pertinent part as follows:

Except as provided by Subsection (b) [not applicable here], a defendant

convicted of a misdemeanor or a gambling offense shall pay a fee of $25 for the trying of the case by the district or county attorney. If the court appoints an attorney to represent the state in the absence of the district or county attorney, the appointed attorney is entitled to the fee otherwise due.

Tex. Code Crim. Proc. art. 102.008(a). As in *Salinas*, the statute does not contain any language requiring that the fee be deposited into a specific account for future criminal justice expenses. We conclude this fact is not dispositive, however, because the face of the statute shows the fee is collected to recoup costs of judicial resources previously expended in connection with the prosecution of the case.

According to the statute, the fee is "for the trying of the case by the district or county attorney." Tex. Code Crim. Proc. art. 102.008(a). If an attorney is appointed to represent the State, then that particular attorney is entitled to the fee. *Id.* Thus, the fee passes constitutional muster under the first category of constitutional court-cost statutes: it is collected to reimburse the State—or an outside attorney appointed to represent the State—for costs incurred in trying the case. *Peraza* makes clear that statutes allowing for the recoupment of costs expended in connection with the prosecution of the case remain valid. *See Peraza*, 467 S.W.3d at 517; *Carson*, 159 S.W.2d at 130; *see also Johnson*, 2018 WL 4925456, at *5 (under *Peraza*, court costs that are necessary and incidental to a criminal trial remain constitutionally valid); *Allen*, 2018 WL 4138965, at *8.[4]

Appellant argues that the statute is simply a tax because it does not direct

---

[4] In *Allen*, the court distinguished its prior opinion in *Hernandez v. State*, No. 01-16-00755-CR, 2017 WL 3429414 (Tex. App.—Houston [1st Dist.] Aug. 10, 2017, motion for reh'g filed), which dealt with the same fee as in this case. The *Allen* court stated: "[n]either party argued—and the *Hernandez* opinion did not analyze—whether the fee could survive a constitutional challenge looking back to the source of the fee versus looking forward to show how the collected fee might be spent, but *Peraza* supports such an analysis." *Allen*, 2018 WL 4138965, at *8. We likewise find *Hernandez* distinguishable.

where the funds are to be deposited once collected from the defendant—that is, the statute does not fall within the second category of constitutional court-cost statutes. According to appellant, the funds are deposited into the general revenue fund,[5] making the statute unconstitutional.

Appellant is incorrect for three reasons. First, a court-cost statute need only fall within one category to be constitutional, and it falls within the first category as explained above.

Second, if the court appoints an attorney to represent the State, the statute does direct where the fee will go: it will be paid to that attorney. *See Salinas*, 523 S.W.3d at 107 (directing courts to focus on what statute says about intended use of funds, not on their actual use). Thus, in certain cases, the statute can be applied in a manner that passes constitutional muster under the second, forward-looking category. Appellant's facial challenge would therefore fail even if we applied only the forward-looking standard in *Salinas*. *See Santikos*, 836 S.W.2d at 633.

Third, we disagree with appellant's blanket statement that "when the revenue from a court cost goes to a governmental body's general revenue fund, the court cost is unconstitutional." Appellant cites *Salinas* for this proposition, but we do not read *Salinas* as invalidating the statute at issue merely because the funds were ultimately deposited into the general revenue fund.

---

[5] In support of his argument that the funds are directed to the general revenue fund, appellant cites an Office of Court Administration report titled "Study of the Necessity of Certain Court Costs and Fees in Texas (available at http://www.txcourts.gov/publications-training/publications/filing-fees-courts-costs.aspx). The report states that 100% of the money collected for the prosecutor's fee stays with the county or city it serves and is deposited into the county or city's general fund. We agree with the court in *Allen* that the report is of limited use because the report was not part of the record in the trial court and because failure of the statute to direct the funds to a segregated account does not make the courts tax gatherers. *Allen*, 2018 WL 4138965, at *9.

In *Salinas*, the court held two portions of the consolidated fee statute unconstitutional. One portion, directing funds to the "comprehensive rehabilitation account," did not "on its face, appear to serve a legitimate criminal justice purpose," and the interconnecting statutes directing the money to a certain department did not direct the use of the funds to those relating to the criminal justice system. *Salinas*, 523 S.W.3d at 108. The other portion of the statute, directing funds to the "abused children's counseling" account, directed funds to an account that no longer existed, causing the funds to revert to the general revenue fund with no direction as to the use of the funds. *Id.* at 110. In neither case did the court invalidate the statute solely because the funds were ultimately deposited into the general fund. In addition, the cost statutes at issue in *Salinas* did not seek to recoup funds expended in connection with the prosecution of the case. *See Allen*, 2018 WL 4138965, at *8 ("*Salinas* did not involve court costs directly related to the trial of that particular case."). Like the court in *Allen*, we find *Salinas* distinguishable. We overrule appellant's second issue.

## C.     The district clerk's fee is facially constitutional.

Appellant challenges the $40 district clerk's fee in his third issue. This fee is authorized by article 102.005 of the Code of Criminal Procedure, which provides in pertinent part:

(a) A defendant convicted of an offense in a county court, a county court at law, or a district court shall pay for the services of the clerk of the court a fee of $40.

* * *

(c) Except as provided by Subsection (d), the fee imposed under Subsection (a) is for all clerical duties performed by the clerk, including:

(1) filing a complaint or information;

14

(2) docketing the case;

(3) taxing costs against the defendant;

(4) issuing original writs and subpoenas;

(5) swearing in and impaneling a jury;

(6) receiving and recording the verdict;

(7) filing each paper entered in the case; and

(8) swearing in witnesses in the case.

Tex. Code Crim. Proc. art. 102.005.

Appellant concedes that "[t]here is no question that the foregoing services provided by the clerk are legitimate criminal justice purposes." Appellant argues that, like the prosecutor's fee, the district clerk's fee is unconstitutional because revenue from the court cost is not directed to the district clerk by statute, but instead goes to the general fund. For the reasons discussed above, we disagree. Article 102.005(c) shows that the fee falls within the first category of constitutional court-cost statutes: it is collected to recoup costs expended in the trial of the case. *See Peraza*, 467 S.W.3d at 517 ("We continue to hold, as we did in *Weir* [*v. State*, 278 S.W.3d 364 (Tex. Crim. App. 2009)], that court costs should be related to the recoupment of costs of judicial resources."); *Carson*, 159 S.W.2d at 130; *Johnson*, 2018 WL 4925456, at *5; *Allen*, 2018 WL 4138965, at *8.

Two other courts of appeals recently have addressed facial constitutional challenges to the district clerk's fee, and both upheld the statute as constitutional. *See Thornton v. State*, No. 05-17-00220-CR, 2018 WL 2773390, at *3 (Tex. App.—Dallas June 11, 2018, no pet.); *Davis v. State*, 519 S.W.3d 251, 257 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd). Both courts addressed arguments like those made by appellant here: that the statute is facially unconstitutional because it does

15

not direct where the funds are to be spent or because the funds "might be spent for a purpose not contemplated by the statute." *Thornton*, 2018 WL 2773390, at \*2, \*3; *Davis*, 519 S.W.3d at 257. Both courts rejected the argument, relying on the directive in *Peraza* that an appellant cannot succeed on a facial challenge to a statute simply based on "how the revenues might be spent in practice." *Id.* Like the courts in *Thornton* and *Davis*, we conclude the statute authorizing the collection of the district clerk's fee is constitutional. We overrule appellant's third issue.

## CONCLUSION

Having overruled appellant's three issues on appeal, we affirm the trial court's judgment.

/s/     J. Brett Busby
Justice

Panel consists of Justices Busby, Brown, and Jewell.
Publish—TEX. R. APP. P. 47.2(b).