**Opinion issued February 27, 2020**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-19-00030-CR

———————————

**ALBERT FORISTER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 424th District Court**
**Burnet County, Texas[1]**
**Trial Court Case No. 46497**

---

## MEMORANDUM OPINION

---

[1]     The Texas Supreme Court transferred this appeal from the Court of Appeals for the Third District of Texas. *See* TEX. GOV'T CODE § 73.001 (authorizing transfer of cases between courts of appeals).

The State charged Albert Forister with first-degree-felony possession with intent to deliver methamphetamine[2] in an amount of four grams or more but less than 200 grams. *See* TEX. HEALTH & SAFETY CODE § 481.112(d). Forister pleaded not guilty to the charge but pleaded "true" to both enhancement paragraphs. The jury found Forister guilty of the lesser-included offense of possession of methamphetamine in an amount of four grams or more but less than 200 grams, a second-degree felony. *See id.* § 481.115(a), (d). The trial court sentenced Forister to 50 years' confinement and assessed court costs totaling $399, including a $25 time payment fee.

In his first issue, Forister contends that the $25 time payment fee[3] assessed against him should be reduced by $22.50 because 90 percent of the fee is facially

---

[2]     Methamphetamine is categorized as a "Penalty Group 1" drug in the Health and Safety Code. *See* TEX. HEALTH & SAFETY CODE § 481.102(6).

[3]     Section 133.103 of the Local Government Code governs time payment fees. *See* TEX. LOC. GOV'T CODE § 133.103. The Texas Legislature has passed legislation, effective January 1, 2020, that deletes Subsections (c) and (d) from Section 133.103 and revises Subsection (b) to provide that all the fees collected under the section are "to be used for the purpose of improving the collection of outstanding court costs, fines, reimbursement fees, or restitution or improving the efficiency of the administration of justice in the county or municipality." *See* Act of May 23, 2019, 86th Leg., R.S., S.B. 346, § 2.54 (to be codified at TEX. CODE CRIM. PROC. art. 102.030). The changes apply only to a cost, fee, or fine assessed on a conviction for an offense committed on or after the effective date of the Act. *Id.* § 5.01. Because the offense in this case was committed before January 1, 2020, the former law applies. *Id.*

unconstitutional. In his second issue, Forister contends that the judgment contains several errors.

## Constitutionality of Time Payment Fees

### A.    Standard of Review

There are two types of challenges to the constitutionality of a statute: (1) the statute is unconstitutional as applied to the defendant; or (2) the statute is unconstitutional on its face. *Briggs v. State*, 789 S.W.2d 918, 923 (Tex. Crim. App. 1990) (en banc). "Statutes are presumed to be constitutional until it is determined otherwise." *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009); *see Ex parte Granviel*, 561 S.W.2d 503, 511 (Tex. Crim. App. 1978) (en banc) (requiring the appellate court to "commence with the presumption that such statute is valid and that the Legislature has not acted unreasonably or arbitrarily in enacting the statute."). A person challenging the constitutionality of a statute has the burden of establishing its unconstitutionality. *Peraza v. State*, 467 S.W.3d 508, 514 (Tex. Crim. App. 2015). We should consider "the statute only as it is written, rather than how it [may operate] in practice." *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 908 (Tex. Crim. App. 2011). To establish that a statute is facially unconstitutional the appellant must show that "no set of circumstances exists under which that statute would be valid." *Santikos v. State*, 836 S.W.2d 631, 633 (Tex. Crim. App. 1992) (en banc) (citing *United States v. Salerno*, 481 U.S. 739, 745 (1987)). "If a statute can

be construed in two different ways, one of which sustains its validity, we apply the interpretation that sustains its validity." *Kfouri v. State*, 312 S.W.3d 89, 92 (Tex. App.—Houston [14th Dist.] 2010, no pet.). We uphold the statute if we can apply a reasonable construction rendering the statute constitutional. *Id.* (citing *Ely v. State*, 582 S.W.2d 416, 419 (Tex. Crim. App. 1979)). Whether a criminal statute is constitutional is a question of law that we review de novo. *Ex parte Lo*, 424 S.W.3d 10, 14 (Tex. Crim. App. 2013).

## B.    Applicable Law

A defendant may challenge the court costs assessed, including time payment fees, for the first time on appeal. *See Casas v. State*, 524 S.W.3d 921, 925 (Tex. App.—Fort Worth 2017, no pet.). The Local Government Code mandates time payment fees. *See* TEX. LOC. GOV'T CODE § 133.103. Section 133.103 of the Texas Local Government Code requires a person convicted of a criminal offense to pay a time payment fee of $25 if the person: (1) has been convicted of a felony or misdemeanor; and (2) pays any part of a fine, court costs, or restitution on or after the 31st day after a judgment is entered assessing the fine, court costs, or restitution. *Id.* § 133.103(a). Subsection (b) of the statute instructs the treasurer to send 50 percent of the time payment fees collected to the comptroller to be deposited to the credit of the general revenue fund. *Id.* § 133.103(b). Subsection (c) instructs the treasurer to deposit 10 percent of the fees in the general fund of the county or

municipality "for the purpose of improving the efficiency of the administration of justice in the county or municipality." *Id*. § 133.103(c). Subsection (d) instructs the treasurer to deposit the remaining 40 percent of the fees in the general revenue account of the county or municipality. *Id*. § 133.103(d).

The Texas Constitution expressly guarantees that powers among the three branches of government be separated. TEX. CONST. art. II, sec. 1; *Salinas v. State*, 523 S.W.3d 103, 106 (Tex. Crim. App. 2017). This section ensures that the powers granted to one governmental branch may be exclusively exercised only by that branch. *Johnson v. State*, 573 S.W.3d 328, 333 (Tex. App.—Houston [14th Dist.] 2019, pet. filed) (citing *Ex parte Lo*, 424 S.W.3d at 28). A branch of the government violates the separation-of-powers provision "[w]hen one branch of government assumes or is delegated a power more properly attached to another branch." *Johnson*, 573 S.W.3d at 333 (citing *Salinas*, 523 S.W.3d at 106–07). "The courts are delegated a power more properly attached to the executive branch if a statute turns the courts into 'tax gatherers,'" but there are instances when the collection of fees in criminal cases will be considered a part of the judicial function. For example, court costs allocated to be expended for legitimate criminal justice purposes are permitted. *Salinas*, 523 S.W.3d at 107.

A legitimate criminal justice purpose is determined on a statute-by-statute and case-by-case basis by reviewing what the governing statute dictates as the intended

use of the funds. *Salinas*, 523 S.W.3d at 107. Whether the funds are actually used for a legitimate criminal justice purpose is not a relevant inquiry. *Id.*

**C.    Analysis**

Although Forister does not challenge the constitutionality of subsection (c) of the Local Government Code, he argues that subsections (b) and (d) violate the separation of powers in the Texas Constitution. TEX. CONST. art. II, sec. 1 (providing that no branch of government "shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted"). Forister relies on *Johnson v. State*, 573 S.W.3d 328 (Tex. App.—Houston [14th Dist.] 2019, pet. filed). In *Johnson*, our sister court addressed whether a time payment fee violates the separation-of-powers provision of the Texas Constitution. *Id.* at 340. *Johnson* examined "whether [portions of] section 133.103 direct[] that the funds be used for something that is a legitimate criminal justice purpose." *Id.* Relying on *Salinas*, the *Johnson* court held that the time payment fee authorized by subsections (b) and (d) are directed to general revenue and do not relate to the criminal justice system because there is no "statutory directive that the funds be used for a legitimate criminal justice purpose." *Id.* Therefore, *Johnson* held that portions of Section 133.103 were facially unconstitutional and reduced the appellant's time payment fee from $25 to $2.50. *Id.*

After the *Johnson* decision, other Texas courts have held that Subsections (b) and (d) are facially unconstitutional. *See, e.g.*, *Jackson v. State*, No. 10-17-00333-CR, 2020 WL 830822, at *4 (Tex. App.—Waco Feb. 19, 2020, no pet. h.) (mem. op., not designated for publication); *Ovalle v. State*, --- S.W.3d ---, No. 05-19-00136-CR, 2020 WL 364140, at *3 (Tex. App.—Dallas Jan. 22, 2020, no pet. h.); *Simmons v. State*, 590 S.W.3d 702, 711 (Tex. App.—Waco 2019, pet. filed); *Townsend v. State*, No. 13-18-00049-CR, 2019 WL 6205470, at *8 (Tex. App.—Corpus Christi Nov. 21, 2019, pet. filed) (mem. op., not designated for publication); *Dulin v. State*, 583 S.W.3d 351, 353 (Tex. App.—Austin 2019, pet. granted); *Kremplewski v. State*, --- S.W.3d ---, No. 01-19-00033-CR, 2019 WL 3720627, at *3 (Tex. App.—Houston [1st Dist.] Aug. 8, 2019, pet. filed); *King v. State*, No. 11-17-00179-CR, 2019 WL 3023513, at *5 (Tex. App.—Eastland July 11, 2019, pet. filed) (mem. op., not designated for publication).

We likewise adopt the reasoning in *Johnson* and conclude Subsections (b) and (d) of Section 133.103 are facially unconstitutional. In contrast, Subsection (c), which allocates 10 percent of the time payment fee to the general fund of the county or municipality to improve the efficiency of the administration of justice in the county or municipality, is facially constitutional because it allocates the funds for a legitimate criminal justice purpose. *See Peraza*, 467 S.W.3d at 517. We therefore sustain Forister's first issue in part, deleting $22.50 from the time payment fee

7

assessed because the statute that authorizes this portion of the time payment fee is facially unconstitutional. We overrule the remainder of Forister's first issue.

## Erroneous Judgment

In his second issue, Forister asserts that the judgment of conviction contains an error and requests that we modify the judgment accordingly. The State concedes that the judgment does not reflect the Health and Safety Code provision under which Forister was convicted. The State also concedes that the judgment incorrectly recites the degree of offense and statute for the offense. The jury convicted Forister of second-degree-felony possession of methamphetamine in an amount of four grams or more but less than 200 grams in violation of Texas Health and Safety Code section 481.115(a) and (d). The judgment, however, inaccurately reflects that Forister was convicted of first-degree-felony possession with intent to deliver methamphetamine in an amount of four grams or more but less than 200 grams in violation of Texas Health and Safety Code Section 481.112(d).

We have the authority to correct a trial court's judgment when we have the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993) (en banc); *Parlin v. State*, 591 S.W.3d 214, 225 (Tex. App.—Houston [1st Dist.] 2019, no pet.). The jury's verdict form shows that Forister was convicted of possession, and not possession with the intent to deliver, because it states:

8

> We, the jury find defendant, [Forister], GUILTY of the lesser included offense of Possession of a Controlled Substance, to-wit: Methamphetamine, 4 grams or more but less than 200 grams.[4]

We will therefore exercise our authority to amend the erroneous judgment. Accordingly, we modify the judgment to reflect that Forister was convicted under Texas Health and Safety Code Section 481.115(a) and (d) in trial court cause number 46497.

## Conclusion

We sustain in part Forister's first issue as to the facial constitutionality of the time payment fee under Texas Local Government Code Section 133.103(b) and (d). We overrule Forister's first issue in all other respects. We sustain Forister's second issue as to the accuracy of the degree of offense, statute for offense, and offense of conviction. We modify the trial court's judgment to reduce the time payment fee from $25 to $2.50. We also modify the trial court's judgment of conviction to reflect that Forister was convicted under Texas Health and Safety Code section 481.115(a) and (d).

---

[4] The trial court also referenced the lesser-included offense when the court announced the judgment of conviction: "So at this point, based on the jury's finding of guilt, I'm going to find you guilty of possession of a controlled substance between four and 200 grams."

As modified, we affirm the trial court's judgment.

Sarah Beth Landau
Justice

Panel consists of Justices Lloyd, Landau, and Countiss.

Do not publish. TEX. R. APP. P. 47.2(b).