**Opinion issued December 31, 2024**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-23-00536-CR

————————————

## EX PARTE ARTHUR GLENN SIMMONS

---

**On Appeal from the 185th District Court**
**Harris County, Texas**
**Trial Court Case No. 1819025**

---

## MEMORANDUM OPINION

Appellant Arthur Glenn Simmons was charged by indictment with unlawful carrying of a weapon by a felon. *See* TEX. PENAL CODE § 46.02(a-7). This is an appeal from the trial court's denial of Simmons's pretrial application for writ of habeas corpus, in which he argued that Texas' unlawful carrying statute—Texas

Penal Code Section 46.02(a-7)—is facially unconstitutional because it violates his Second Amendment rights to possess a firearm. We affirm.

**Texas Penal Code Section 46.02(a-7)**

Simmons was charged under Section 46.02(a-7) of the Texas Penal Code, which provides that a person unlawfully carries a weapon if he:

(1) intentionally, knowingly, or recklessly carries on or about his person a handgun;

(2) is not

(A) on the person's own premises or premises under the person's control; or

(B) inside of or directly en route to a motor vehicle or watercraft that is owned by the person or under the person's control; and

(3) at the time of the offense, was prohibited from possessing a firearm under Section 46.04(a) . . . .

TEX. PENAL CODE § 46.02(a-7).

The third element of the statute references the felon-in-possession statute, which provides that a person convicted of a felony commits an offense if he possesses a firearm:

(1) after conviction and before the fifth anniversary of the person's release from confinement following conviction of the felony or the person's release from supervision under community supervision, parole, or mandatory supervision, whichever date is later; or

(2) after the period described by Subdivision (1), at any location other than the premises at which the person lives.

*Id*. § 46.04(a).

2

The felon-in-possession statute applies to a "firearm," which is "any device designed, made, or adapted, to expel a projectile through a barrel by using the energy generated by an explosion or burning substance or any device readily convertible to that use." *Id*. § 46.01(3).[1] By contrast, the unlawful carrying statute applies to a "handgun," which is "any firearm that is designed, made, or adapted to be fired with one hand." *Id*. § 46.01(5).

Reading these statutes together, a person unlawfully carries a firearm if: (1) he has been convicted of a felony; and (2) he intentionally or knowingly carries a handgun when he is not on his own premises or premises he controls, or when he is not inside or directly en route to a vehicle or watercraft he owns or controls. *Id*. §§ 46.02(a-7), 46.04(a).

**Constitutionality of Texas Penal Code Section 46.02(a-7)**

Simmons raises a facial challenge to the constitutionality of the unlawful carrying statute, asserting that it unlawfully restricts his ability to possess firearms under the Second Amendment.

**A. Standard of Review**

"A facial challenge is an attack on the statute itself as opposed to a particular application." *City of Los Angeles v. Patel*, 576 U.S. 409, 415 (2015). Whether a

---

[1] Certain antique or curio firearms, or their replicas, are exempted from this definition. *Id*. § 46.01(3).

criminal statute is constitutional is a question of law that we review de novo. *Ex parte Lo*, 424 S.W.3d 10, 14 (Tex. Crim. App. 2013). A person challenging the constitutionality of a statute has the burden of showing it is unconstitutional. *Peraza v. State*, 467 S.W.3d 508, 514 (Tex. Crim. App. 2015). "Statutes are presumed to be constitutional until it is determined otherwise." *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009).

To establish that a statute is facially unconstitutional, the appellant must show that "no set of circumstances exists under which that statute would be valid." *Santikos v. State*, 836 S.W.2d 631, 633 (Tex. Crim. App. 1992) (citing *United States v. Salerno*, 481 U.S. 739, 745 (1987)). We should consider "the statute only as it is written, rather than how it [may operate] in practice." *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 908 (Tex. Crim. App. 2011). "If a statute can be construed in two different ways, one of which sustains its validity, we apply the interpretation that sustains its validity." *Kfouri v. State*, 312 S.W.3d 89, 92 (Tex. App.—Houston [14th Dist.] 2010, no pet.). We uphold the statute if we can construe it reasonably, rendering the statute constitutional. *Id.* (citing *Ely v. State*, 582 S.W.2d 416, 419 (Tex. Crim. App. 1979)).

## B. Appellant's Facial Challenge

Simmons contends that "Section 46.02(a-7) is facially unconstitutional because it permanently restricts the right of people convicted of felonies to bear arms

4

outside of the home, even after a period of five years since imprisonment and supervision has come to an end." According to Simmons, the statute fails the test set out in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 7 (2022) because "[t]here is no historical analogue for a statute barring all felons from possessing firearms," and most restrictions which did exist were temporary.

The unlawful carrying statute is more limited in scope than Simmons claims and is not a blanket ban on firearm possession by felons. Section 46.02(a-7) applies only to the "carrying" of "handguns." TEX. PENAL CODE § 46.02(a-7)(1). A felon who carries a long gun or other non-handgun firearm may not be prosecuted under the statute. The statute also only restricts where a handgun may be carried, not whether it or any other firearm can be kept. Felons are permitted under the statute to "keep arms"—*i.e.*, to have weapons. *See District of Columbia v. Heller*, 554 U.S. 570, 582 (2008) ("the most natural reading of 'keep arms' in the Second Amendment is to 'have weapons'"). The statute also permits felons to carry weapons while en route to—and inside—their vehicles, with no limits on where their vehicles can travel or be located. TEX. PENAL CODE § 46.02(a-7)(2).

Throughout his habeas application, Simmons conflates Section 46.02(a-7) (the unlawful carrying statute under which Simmons was charged) with Section 46.04(a) (the felon-in-possession statute). Simmons is not charged with an offense under Section 46.04(a). Although Section 46.02(a-7) references Section 46.04(a),

5

this reference does not convert the unlawful carrying statute into a broad prohibition on felons possessing firearms. A person's status under Section 46.04(a) is merely an element that defines, and limits, who is subject to the unlawful carrying statute. *See* TEX. PENAL CODE § 46.02(a-7)(3).

Since Simmons appealed, state and federal courts have issued decisions that support the proposition that even restrictive felon-in-possession statutes may have their roots in our nation's tradition of firearm regulation. *See United States v. Rahimi*, 602 U.S. 680, 699 (2024) (reiterating axiom set forth in *Heller* that prohibitions against firearm possession by felons are "presumptively lawful"); *accord Ex parte Strickland*, No. 12-24-00031-CR, 2024 WL 4471121, at *3 (Tex. App.—Tyler Oct. 9, 2024, pet. filed) (mem. op., not designated for publication); *see also United States v. Diaz*, 116 F.4th 458, 468 (5th Cir. 2024) (using historical laws authorizing capital punishment for crimes comparable to modern felonies as justification for lesser penalty of disarmament).

In *Rahimi*, the Court clarified that the Fifth Circuit "erred in reading *Bruen* to require a 'historical twin' rather than a 'historical analogue.'" *Rahimi*, 602 U.S., at 701. Though "focused regulations" restricting the right to bear arms outside the home—which have a historical basis—would not support "a broad prohibitory regime" like the one struck down in *Bruen*, they might be an appropriate analogue for a narrow one. *Id*. at 700. To that end, the Court observed that the relevant statute

in *Rahimi*—18 U.S.C. § 922(g)(8)— differed from the one in *Bruen*, in that it did not "broadly restrict arms use by the public generally."[2] *Id*. Rather, 18 U.S.C. § 922(g)(8) prohibited the possession of firearms by anyone subject to a domestic violence restraining order. 18 U.S.C. § 922(g)(8).

Whether the "felon" category in particular is too broad to support Second Amendment restrictions was addressed post-*Rahimi* by the Fifth Circuit. *See Diaz*, 116 F.4th at 468. There, the court rejected a facial challenge to the constitutionality of the federal felon-in-possession statute, 18 U.S.C. § 922(g)(1). According to the court, while "simply classifying a crime as a felony does not meet the level of historical rigor required by *Bruen* and its progeny," *Id*. at 469, the existence of laws which imposed capital punishment for serious crimes comparable to modern felonies suggested that the lesser penalty of disarmament would be appropriate in at least some circumstances. *Id*. The court concluded that the regulation of firearm possession by felons is "consistent with this Nation's historical tradition of firearm regulation." *Id*. at 472.

Similarly, in *Ex parte Strickland*, the Twelfth Court of Appeals used common law punishment analogues to uphold Texas' own felon-in-possession statute, holding that a tradition of laws which provided for imprisonment implied that the

---

[2]     The statute at issue in *Bruen*, N.Y. Penal Law § 400.00(2)(f), required all members of the public wishing to carry handguns in certain locations to demonstrate a unique need for self-defense.

7

"lesser restriction" of disarmament was also permissible. *Strickland* at *3 (citing *Rahimi*, 602 U.S. at 699). The court noted that, like 18 U.S.C. § 922, Texas' felon-in-possession statute does not apply to the general public, *Strickland* at *3 ("Section 46.04 restricts gun use to mitigate either demonstrated threats of physical violence or prior disregard of penal law similarly to the manner the surety and going-armed laws do and does not broadly restrict arms use by the public generally."), and only permanently restricts firearm possession outside the home. *Id.* ("like the surety bonds of limited duration, Section 46.04's prohibition on possession of a firearm expires after five years, after which time, the person may possess a firearm at his residence."). It added with approval that the extra requirement of a prior felony conviction imposes "all the procedural and constitutional safeguards afforded by our judicial system." *Id.*

Thus, in addition to the Supreme Court's position that such statutes are "presumptively lawful," both the Fifth Circuit and one of our sister courts of appeals have found sufficient historical basis to uphold the constitutionality of felon-in-possession statutes. *See Diaz* at *9; *Strickland* at *4. Because Texas' unlawful carrying statute is considerably narrower than the felon-in-possession statute, we conclude that it must also be consistent with our nation's historical tradition of firearm regulation.

We hold that the unlawful carrying statute, TEX. PEN. CODE § 46.02, is facially constitutional, and that the trial court did not err in denying Simmons's application for writ of habeas corpus.

## Conclusion

We affirm the trial court court's order denying Simmons's application for writ of habeas corpus.

Sarah Beth Landau
Justice

Panel consists of Justices Goodman, Landau, and Countiss.

Do not publish. TEX. R. APP. P. 47.2(b).